UNITED STATES BANKRUPTCY
COURT WESTERN DISTRICT OF
LOUISIANA LAFAYETTE DIVISION

| | |
|---|---|
| IN RE:<br>   ROOSTER PETROLEUM, LLC<br>   DEBTOR | CASE NO.: 17-50708<br><br>CHAPTER 7 CASE |
| ELIZABETH G. ANDRUS, TRUSTEE<br>   PLAINTIFF | ADVERSARY PROCEEDING<br>   NO.: _____ |
| versus | |
| C & G BOATS, INC.<br><br>   DEFENDANT | |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Elizabeth G. Andrus, the chapter 7 trustee ("Trustee" or "Plaintiff") for the bankruptcy estate of Rooster Petroleum, LLC, a Delaware limited liability company, who respectfully represents as follows:

## JURISDICTION

1.  This Court has subject matter jurisdiction over this matter pursuant to 11 U.S.C. § 105, 28 U.S.C. §§ 1334 and 157, and by virtue of the reference by the district court pursuant to ULLR 83.4.1. This matter is a "core" proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A), (F), (H) and (O).

2. The predicates for the requested relief are 11 U.S.C. §§ 105(a), 544, 547, 550 and 553.

3. This Court has personal jurisdiction over the Defendant because it conducted business within the United States and all or a substantial part of the events or omissions giving rise to the claims set forth below occurred within the United States.

## VENUE

4. Venue of this action lies in this Court pursuant to 28 U.S.C. § 1409 because the claims set forth below arose from or relate to the above referenced bankruptcy case pending in this Court.

## PARTIES

5. The Plaintiff is Elizabeth G. Andrus, the duly appointed chapter 7 trustee for the bankruptcy estate of Rooster Petroleum, LLC, a Delaware limited liability company.

6. The defendant herein is: **C & G Boats, Inc. ("Defendant")**, whose mailing address is 1216 South Bayou Drive, Golden Meadow, La. 70357 and whose registered agent for service of process is: Magnus J. Arceneaux, III, 117 Branton Drive, Lafayette, La. 70508.

## BACKGROUND FACTS

7. On June 2, 2017, Rooster Petroleum, LLC (the "**Debtor**") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code ("**Bankruptcy Code**"). The above-captioned bankruptcy case was converted to a case under Chapter 7 on December 4, 2017. Prior to the commencement of this case, the

Debtor was engaged in the business of oil and gas exploration and production.

8. By virtue of her appointment as trustee in this case by the United States Trustee and pursuant to the provisions of §§ 701 and 702(d) of the Bankruptcy Code, Elizabeth G. Andrus (the "**Trustee**" or "**Plaintiff**") serves as the trustee in this case.

9. Pursuant to the provisions of § 541(a) of the Bankruptcy Code, upon the commencement of this bankruptcy case, an estate was created, comprised of all property, wherever located and by whomever held, including all legal and equitable interests of the Debtor in property as of the commencement of the case.

10. Pursuant to the provisions of § 323(a) of the Bankruptcy Code, the Trustee holds all of the rights and responsibility for property of the estate and is the sole representative of the bankruptcy estate. *In re General Development Corp.*, 179 B.R. 335, 338 (S.D. Fla. 1995) ("The bankruptcy trustee is vested with title to all assets of the estate and becomes the estate's legal representative.").

11. As the sole representative of the bankruptcy estate, and pursuant to the provisions of § 704(a)(1) of the Bankruptcy Code, the Trustee has a duty to collect and reduce to money the property of the estate, including all claims or causes of action arising under chapter 5 of the Bankruptcy Code.

12. This complaint seeks the avoidance and recovery of certain transfers of interests in property of the Debtor to or for benefit of Defendant.

13. Each transfer of property, or an interest of the Debtor in property, identified in this complaint occurred at a time when the Debtor was insolvent.

14. Prior to the entry of the order for relief, the Debtor purchased goods or services from the Defendant and, in connection therewith, eventually incurred debt to such entity.

15. Notwithstanding its cash flow problems, the Debtor was able to make periodic payments to the Defendant on account of its antecedent indebtedness.

16. According to the response to question 3 of the statement of financial affairs filed pursuant to § 521(a)(1)(B)(iii) of the Bankruptcy Code and Bankruptcy Rule 1007, within the ninety (90) days prior to the date of the filing of the petition, on account of an antecedent debt owed by the Debtor, the Debtor remitted to the Defendant payment(s) or other transfers of property or an interest of the Debtor in property, each of which constituted "transfers" within the meaning of § 101(54)(D) of the Bankruptcy Code (defining "transfer" to include "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing or parting with—(i) property or (ii) an interest in property.").

17. Upon information and belief, the Debtor made transfers to or for the benefit of the Defendant within the ninety (90) days prior to the date of the filing of the petition, on account of an antecedent debt owed by the Debtor, in the total amount of $ 225,254.00, as follows:

| Check/Wire No. | Check Clearance Date | Amount Paid |
|---|---|---|
| 108648 | 3/20/2017 | 99,222.00 |

| 108726 | 3/28/2017 | $116,920.00 |
| 108759 | 4/11/2017 | $9112.00 |
| **Total** | | $225,254.00 |

(the foregoing amounts are sometimes collectively referred to as the "**Transfers**").

18. The Transfers identified in this complaint occurred at a time when the Debtor was presumed to be insolvent under 11 U.S.C. § 547(f).

### COUNT I - PREFERENTIAL TRANSFER

19. Plaintiff reasserts and realleges the allegations contained in the foregoing paragraphs as though fully restated herein.

20. This count is premised on the Trustee's avoidance powers under § 547(b) of the Bankruptcy Code which provides that the trustee of a bankruptcy estate may avoid as a preferential transfer any transfer made by an insolvent Debtor in the ninety days preceding bankruptcy, where the transfer (i) was made to or for the benefit of a creditor; (ii) was made for or on account of an antecedent debt owed by the Debtor; and (iii) enabled the creditor to receive more than it otherwise would have under the provisions of the Bankruptcy Code.

21. The payments and transfers referred to above are preferential and are subject to avoidance within the meaning of § 547 of the Bankruptcy Code because such payments and transfers were: (i) to or for the benefit of a creditor; (ii) for or on account of an antecedent debt owed by the Debtor; (iii) made while the Debtor was insolvent; (iv) made on or within ninety (90) days before the date of the filing of the petition or between ninety

(90) days and one (1) year before the date of the filing of the petition; and (v) enabled the Defendant to receive more than such creditor would receive if the case were a case under chapter 7 of the Bankruptcy Code, the payments or transfers had not been made, and such creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

23. The amount of the damages resulting from the avoidable payments and transfers has not been determined, but the Trustee estimates that the damages are equal to the amount of the payments and transfers identified above.

24. The Trustee seeks to recover the value of the transfers under section 550 of the Bankruptcy Code and other applicable sections.

## COUNT II – DISALLOWANCE OF CLAIMS UNDER 11 U.S.C. § 502(d)

25. Section 502(d) of the Bankruptcy Code provides that the Court shall disallow any claim of a transferee of a transfer voidable under section 547 of the Bankruptcy Code unless such entity or transferee has paid the amount for which such entity is liable under section 550 of the Bankruptcy Code.

26. The Trustee therefore prays for judgment disallowing any claim of the Defendant unless such entity or transferee pays the amount prayed for in this Complaint.

## RELIEF REQUESTED

27. The trustee seeks to avoid any transfer of an interest of the debtor in property that is avoidable under applicable law by a creditor holding an allowed unsecured claim pursuant to the provisions of § 544(b) of the Bankruptcy Code (the "strong arm provision") which "allows the trustee to step into the shoes of a creditor for the purpose of asserting

causes of action under state fraudulent conveyance laws and confers on the trustee the status of a hypothetical creditor or bona fide purchaser as of the commencement of the case." *In re Zedda*, 103 F.3d 1195, 1201 (5th Cir.1997). In this case, the Trustee seeks to avoid all payments and transfers referenced above.

28. With respect to any avoided transfer, the Trustee seeks the entry of a judgment awarding any remedy available under § 550 of the Bankruptcy Code, including the recovery, for the benefit of the estate, of the entire transfer avoided or the recovery of a money judgment in an amount equal to the value of the property transferred.

29. The Plaintiff seeks the entry of a judgment avoiding and recovering the transfers referenced above and awarding Plaintiff damages in an amount equal to the payments and transfers referred to above, together with judicial interest under applicable law from the date of judicial demand or such other time period as may be allowed by applicable law.

WHEREFORE, PLAINTIFF PRAYS that, after due proceedings, this Court enter a judgment:

(a) against Defendant, awarding damages and avoiding and recovering for the benefit of the estate all of the payments and transfers referenced above;

(b) against Defendant, awarding judicial interest under applicable law from the date of judicial demand or such other time period as may be allowed by applicable law;

(c) against Defendant disallowing any claim of Defendant unless Defendant pays the amounts prayed for herein; and

(d) for all other legal and equitable relief which Plaintiff may be entitled to receive, including reimbursement for all costs and expenses of prosecuting this adversary proceeding, including all expenses approved by this Court and payment of any expenses, court costs, deposition costs, subpoena fees, witness fees or other expenses incurred in connection with the litigation.

Respectfully submitted,

**WIENER, WEISS & MADISON, APC**

By: /s/ Patrick L. McCune
R. Joseph Naus La. Bar No. 17074
Patrick L. McCune La. Bar No. 31863
Seth M. Moyers La. Bar No. 32607
Reid A. Jones La. Bar No. 34611
P.O. Box 21990
Shreveport, Louisiana 71120-1990
Telephone: (318) 226-9100
Telecopier: (318) 424-5128

**ATTORNEYS FOR PLAINTIFF,
ELIZABETH G. ANDRUS, CHAPTER 7
TRUSTEE**